IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AMERICAN RIVERS, INC., IDAHO                          CV-04-61-RE
RIVERS UNITED, NATIONAL WILDLIFE
FEDERATION, PACIFIC COAST                             OPINION AND ORDER
FEDERATION OF FISHERMEN'S
ASSOCIATIONS, and INSTITUTE
FOR FISHERIES RESOURCES,

        Plaintiffs,

  vs.

NOOA FISHERIES, and UNITED STATES
BUREAU OF RECLAMATION,

        Defendants,

   and

DIRK KEMPTHORNE, Governor of the State
of Idaho, STATE OF IDAHO, IDAHO WATER
USERS ASSOCIATION, COALITION FOR
IDAHO WATER, INC., PIONEER IRRIGATION
DISTRICT, SETTLERS IRRIGATION
DISTRICT, NAMPA and MERIDIAN IRRIGATION
DISTRICT, GEM IRRIGATION DISTRICT,
RIDGEVIEW IRRIGATION DISTRICT, OWHYHEE
IRRIGATION DISTRICT, VALE IRRIGATION

1  -  OPINION AND ORDER

DISTRICT, LOWER POWDER RIVER
IRRIGATION DISTRICT, and BURNT RIVER
IRRIGATION DISTRICT,

                Defendant-Intervenors.

REDDEN, Judge:

The matter is before the court is plaintiffs' motion for leave to file a supplemental complaint (doc. 130). For the reasons that follow, the court **GRANTS** plaintiffs' motion.

## BACKGROUND

American Rivers brought this action under the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., challenging a biological opinion issued by NOAA Fisheries (NOAA) in 2001 and supplemented in 2002[1] (2001UpperSnakeBiOp) relating to the impact of the Bureau of Reclamation's (BOR) operation of water projects in the Snake River Basin above Hells Canyon and Brownlee Dam and Reservoir on at least 4 salmon evolutionary significant units (ESUs). American Rivers claimed NOAA failed to comply with the requirements of the Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq., in the scope of its consultation with BOR and in its ultimate jeopardy determination. In 2004, while this action was pending, NOAA and BOR reinitiated consultation and, in March 2005, NOAA issued a biological opinion (2005UpperSnakeBiOp) that replaced the 2001UpperSnakeBiOp. Plaintiffs now seek to supplement their original complaint to address changed circumstances arising from the issuance of the 2005UpperSnakeBiOp.

---

[1] The 2002 Supplemental Opinion extended the life of the 2001UpperSnakeBiOp until 2005.

2   - OPINION AND ORDER

Plaintiffs' claims in this action are related to the claims of plaintiff National Wildlife Federation (NWF) against the biological opinion issued by NOAA in December 2000 (2000BiOp) and its replacement biological opinion issued in November 2004 (2004BiOp), relating to the impact on 13 salmon ESUs of dam and water project operations of the Federal Columbia River Power System (FCRPS) in the Lower Snake River Basin and the Columbia River. *See* National Wildlife Federation v. National Marine Fisheries Service, CV 01-640-RE (NWF v. NMFS). In that action, I found both the 2000BiOp and the 2004BiOp failed to conform to the requirements of the ESA. The 2004BiOp is now on remand with specific directions to NOAA to take the necessary steps to issue a biological opinion that complies the ESA.

American Rivers' supplemental claims allege the 2005UpperSnakeBiOp violates the ESA for the same reasons as the 2004BiOp governing FCRPS operations. In addition, American Rivers reasserts its claim originally made against the 2001UpperSnakeBiOp that the replacement 2005UpperSnakeBiOp improperly segments the action under consultation because the ESA requires NOAA to engage in a single consultation on the impact of FCRPS and Upper Snake River dam and water project operations. NWF asserts the same claim in NWF v. NMFS.

## DISCUSSION

NOAA, BOR, and defendant-intervenors Dirk Kempthorne and the State of Idaho do not oppose plaintiffs' motion. The remaining defendant-intervenors (Water Users) argue the motion should be denied because plaintiffs have failed to comply with the ESA's 60-day notice requirement before bringing this action. Water Users also assert any ruling on the motion is premature and should be deferred until after I have ruled on the arguments raised by Water Users

in summary judgment motions against American Rivers' challenge to the original 2001UpperSnakeBiOp. I disagree.

Under Section 11(g) of the ESA, 16 U.S.C. § 1540(g)(2)(A), a citizen suit may not be commenced against NOAA for violation of the ESA "prior to sixty days after notice of the violation has been given." Plaintiffs, however, assert claims against NOAA under section 551 of the APA, not the ESA's citizen suit provisions. The ESA citizen suit 60-day notice provision does not apply to such claims. See American Rivers v. NMFS, 126 F.3d 1118, 1124 (9th Cir. 1997).

Moreover, plaintiffs' supplemental complaint is not premature. Water Users argue that plaintiffs' claims in the proposed supplemental complaint may be rendered moot by a decision in favor of Water Users on its pending motion for summary judgment as to the 2001UpperSnakeBiOp, in which Water Users assert NOAA did not properly segment the action when it issued the 2001UpperSnakeBiOp. That argument has no merit. As noted, plaintiffs allege in their proposed supplemental complaint that the 2005UpperSnakeBiOp has the same procedural and substantive flaws I found in the 2004BiOp. If plaintiffs are correct, that claim would be dispositive as to the alleged invalidity of the 2005UpperSnakeBiOp, regardless of the outcome of the "segmentation of action" issue raised by Water Users.

Water Users also argue they have incurred substantial expense in preparing their summary judgment motion that will be rendered "pointless" if plaintiffs are permitted to proceed on their supplemental complaint. I disagree. Water Users may reassert those arguments, as other defendants and intervenor-defendants will likely do, at an appropriate stage in the

proceedings. What would be pointless is for this court to issue a ruling affecting a biological opinion that has been superseded.

## CONCLUSION

For these reasons, the court **GRANTS** plaintiffs' motion (doc. 130) for leave to file a supplemental complaint. The First Supplemental Complaint for Declaratory and Injunctive Relief, attached as Exhibit A to plaintiffs' motion for leave to file supplemental complaint, is deemed filed.

IT IS SO ORDERED.

DATED this 26th day of October, 2005.

                                             /S/ James A. Redden
                                             James A. Redden
                                             United States District Judge