IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMERICAN RIVERS, INC., IDAHO RIVERS UNITED, NATIONAL WILDLIFE FEDERATION, PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, and INSTITUTE FOR FISHERIES RESOURCES, | CV-04-0061-RE<br><br>OPINION AND ORDER |

Plaintiffs,

vs.

NOOA FISHERIES, and UNITED STATES
BUREAU OF RECLAMATION,

Defendants,

and

DIRK KEMPTHORNE, Governor of the State
of Idaho, STATE OF IDAHO, IDAHO WATER
USERS ASSOCIATION, COALITION FOR
IDAHO WATER, INC., PIONEER IRRIGATION
DISTRICT, SETTLERS IRRIGATION
DISTRICT, NAMPA and MERIDIAN IRRIGATION
DISTRICT, GEM IRRIGATION DISTRICT,
RIDGEVIEW IRRIGATION DISTRICT, OWHYEE

IRRIGATION DISTRICT, VALE IRRIGATION
DISTRICT, LOWER POWDER RIVER
IRRIGATION DISTRICT, and BURNT RIVER
IRRIGATION DISTRICT

                  Defendant-Intervenors.

REDDEN, Judge:

This matter is before the court on defendants NOAA Fisheries' (NOAA) and U.S. Bureau of Reclamation's (BOR) motion to strike or dismiss cross-claims (doc. 183) asserted by three defendant-intervenors, Pioneer Irrigation District, Settlers Irrigation District, and Nampa and Meridian Irrigation District (three irrigation districts). No oral argument is necessary to resolve this motion. For the reasons that follow, the court **GRANTS** defendants' motion and **DISMISSES** the cross-claims without prejudice.

## Background

Plaintiffs American Rivers et al challenge NOAA's March 31, 2005, biological opinion (2005UpperSnakeBiOp) wherein NOAA concluded that BOR's proposed actions were not likely to jeopardize the continued existence of 12 listed salmon species and one species proposed for listing.

American Rivers had originally filed this action in January 2004 challenging a biological opinion that has been superseded by the 2005UpperSnakeBiOp. On March 23, 2004, I permitted the three irrigation districts to intervene in this action as part of a group of 10 irrigation districts and water user associations (water users), subject to a specific condition that:

> the Water Users shall file consolidated motions, briefs, and other
> documents on behalf of all the separately represented entities
> identified in the Water Users' motion to intervene.

On December 29, 2005, I adopted the briefing schedule for the challenge to the

2005UpperSnakeBiOp that had been agreed to by all parties.  On February 3, 2006, plaintiffs filed a motion for partial summary judgment, in accordance with the deadline set in the agreed-to briefing schedule.

Despite this history, the three irrigation districts have separated from the water users group, asserting two cross-claims against defendants.

## Legal Standards

Fed. R. Civ. P. 13(g) states in relevant part that "[a] pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is . . . the subject matter of the original action."  "Rule 13(g) was intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action." Donovan v. Robbins, 588 F.Supp. 1268, 1273 (D. Ill. 1984).  See also Providential Development Co. v. United States Steel Co., 236 F.2d 277, 281 (10th Cir. 1956) ("The rule is remedial in nature, intended to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from one set of facts; and it should be liberally construed to achieve that commendable objective.").  A cross-claim, however, is permissive rather than compulsory and, therefore, a party has the option to pursue it in an independent action.  Dunn v. Sears Roebuck & Co., 645 F.2d 511, 513 n. 1 (5th Cir. 1981).

## Discussion

**A.**     **First Cross-Claim.**

In their first cross-claim, the three irrigation districts challenge the 2005UpperSnakeBiOp.  They assert BOR has no discretion to divert water from its intended irrigation use because (1) BOR projects are authorized under federal reclamation law that does

3   - OPINION AND ORDER

not "allow BOR to exercise 'discretionary control' which would 'inure to the benefit of a protected species'" under the ESA; (2) the ESA's consultation requirements do not apply to BOR's projects, because all the projects were built before the ESA was enacted; and (3) the state of Idaho is the owner of all water resources in the state and it, not NOAA or BOR, is authorized to grant water rights. The three irrigation districts also challenge NOAA's flow augmentation policy.

The three irrigation districts argue that their cross-claim, even though filed without participation by the other seven irrigation districts who intervened as defendant-intervenors, is proper. They assert each irrigation district is a separate legal entity that has the individual legal right to raise issues in a cross-claim. I disagree. In this case, the water users (*i.e.*, all 10 irrigation districts) were permitted to intervene to function as a unit as "defendant-intervenors." The three irrigation districts cannot now break off to assume a role of "plaintiff-intervenors."

This cross-claim does arise out of the issuance of the 2005UpperSnakeBiOp. Even so, defendants will be prejudiced if the cross-claim is allowed. The issues in this case are intertwined with the issues raised in NWF v. NMFS, CV 01-640-RE, now on remand. A prompt resolution of the issues raised by plaintiffs' motion for partial summary judgment will assist in the remand of the 2004BiOp that is at issue in NWF v. NMFS. An early resolution in American Rivers is essential to facilitate that work and the three districts' cross-claim is counter-productive to that goal.

If the 2005UpperSnakeBiOp survives plaintiffs' motion for partial summary judgment,

the three irrigation districts will have ample opportunity to assert this cross-claim in an appropriate forum. In light of (1) the prejudice to defendants, (2) the unwarranted expansion of this case at this time, and (3) the ability of the three irrigation districts to assert this claim in the future, I exercise my discretion to dismiss the three irrigation districts' cross-claim against the 2005UpperSnakeBiOp without prejudice.

**B.     Second Cross-Claim.**

In their second cross-claim, the three irrigation districts challenge what they call the "2005HarvestBiOp," which considers the effects on listed species of fisheries proposed in the 2005-2007 Interim Management Agreement for Upper Columbia River Chinook, Sockeye, Steelhead, Coho, and White Sturgeon. The parties to the agreement are Oregon, Washington, Idaho, many treaty tribes, the Fish and Wildlife Service and NOAA.

The three irrigation districts allege the 2005HarvestBiOp authorizes the harvesting and therefore killing of listed species in violation of the purpose and intent of the ESA. They argue continued funding of hatchery programs promotes the listed species' decline, and is therefore not based on the best scientific evidence available. Accordingly, they assert any biological opinion allowing harvests under such circumstances is arbitrary and capricious and they seek to enjoin the harvest of any salmon in the Columbia and Snake River basins.

I conclude the cross-claim against the 2005HarvestBiOp is improper under Fed. R. Civ. P. 13(g). It does not arise "out of the transaction or occurrence" alleged in American Rivers' claims. The 2005HarvestBiOp is a separate biological opinion that has its own administrative record. The issues raised in that biological opinion do not arise in the 2005UpperSnakeBiOp now before me. The cross-claim implicates interests of the states of Oregon, Washington and

Idaho, and sovereign treaty tribes, and implicates the existing court order entered by Judge King in U.S. v. Oregon, CV 68-513-KI.

I dismiss the three irrigation districts' cross-claim against the 2005HarvestBiOp without prejudice.

## **CONCLUSION**

For these reasons, the court **GRANTS** defendants' motion (doc. 183) and **DISMISSES** the cross-claims without prejudice.

IT IS SO ORDERED

DATED this 21st day of February, 2006.


/S/ James A. Redden
                                  James A. Redden
                                  Senior U.S. District Judge