IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN RIVERS, INC., IDAHO
RIVERS UNITED, NATIONAL WILDLIFE
FEDERATION, PACIFIC COAST
FEDERATION OF FISHERMEN'S
ASSOCIATIONS, and INSTITUTE
FOR FISHERIES RESOURCES,

        Plaintiffs,

   vs.

NOOA FISHERIES, and UNITED STATES
BUREAU OF RECLAMATION,

        Defendants,

   and

DIRK KEMPTHORNE, Governor of the State
of Idaho, STATE OF IDAHO, IDAHO WATER
USERS ASSOCIATION, COALITION FOR
IDAHO WATER, INC., PIONEER IRRIGATION
DISTRICT, SETTLERS IRRIGATION
DISTRICT, NAMPA and MERIDIAN IRRIGATION
DISTRICT, GEM IRRIGATION DISTRICT,
RIDGEVIEW IRRIGATION DISTRICT, OWHYHEE

CV 04-0061-RE

OPINION AND ORDER

1 - OPINION AND ORDER

IRRIGATION DISTRICT, VALE IRRIGATION
DISTRICT, LOWER POWDER RIVER
IRRIGATION DISTRICT, and BURNT RIVER
IRRIGATION DISTRICT

                 Defendant-Intervenors.

REDDEN, Judge:

The matter before the court is plaintiffs American Rivers' motion to strike the res judicata affirmative defense from defendant-intervenors' answers under Fed. R. Civ. P. 12(f). Under the rule, a party may make a motion to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## Background

This case involves alleged violations of the Endangered Species Act (ESA) , 16 U.S.C. § 1531 et seq., pertaining to NOAA's biological opinion (2005 Upper Snake BiOp) issued on March 31, 2005. Plaintiffs assert two primary claims against the 2005 Upper Snake BiOp:

(1)    NOAA and BOR improperly segmented a single federal agency action; and

(2)    The jeopardy framework that NOAA used to justify its no-jeopardy conclusion is fatally flawed.

Water Users state affirmative defenses of res judicata, claim preclusion, and stare decisis in their seventh affirmative defense. They say plaintiffs make a "claim" against NOAA's flow targets and/or flow augmentation requirements in the 2005 Upper Snake BiOp that is barred by Judge Marsh's 1997 decision in American Rivers, et al v. NMFS, CV 96-384-MA, 1997 WL 33797790 *6, 9 (April 3, 1997) (1997 American Rivers). They also urge that plaintiffs' segmentation claim is barred by my December 17, 2003, opinion in National Wildlife Federation v. National Marine Fisheries Service, No. CV 01-640-RE (NWF v. NOAA). Idaho joins in

2   - OPINION AND ORDER

alleging res judicata, claim preclusion, and issue preclusion as affirmative defenses. They are both wrong.

**Discussion**

A. **Res Judicata**.

A final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1050-52 (9th Cir. 2005). "In determining whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important." Id. at 1052 (emphasis added).

B. **Flow Augmentation.**

Water Users assert, in their seventh affirmative defense, that plaintiffs' "claims" regarding "alleged flow 'targets,' and/or 'flow augmentation requirements' are barred by the doctrines of stare decisis, res judicata, and claim preclusion as a result of " Judge Marsh's decision in 1997 American Rivers. Water Users' Answer, p. 5. I disagree.

Water Users cannot establish the "identity of claims" element of the res judicata defense. First, plaintiffs have made no claim about flow augmentation and/or targets.

Second, even if plaintiffs had made such a claim, the res judicata defense cannot apply across different biological opinions. The flow targets addressed in 1997 American Rivers have

no legal bearing on or factual connection to this case.  1997 American Rivers involved a discrete issue regarding flow provisions in an earlier biological opinion, with a different administrative record, addressing a different proposed action, and spanning a different period of time.  The present case does not concern the same claims as in 1997 American Rivers.  Each biological opinion is a separate agency action that gives rise to its own "nucleus of facts" creating a legal bar to the required "identity of claims" element of res judicata.  Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047 at 1052.  Res judicata does not bar a plaintiff's claims when the action does not involve the same claim or cause of action as the prior suit.  Central Delta Water Agency v. U.S., 306 F.3d 938, 952 (9th Cir. 2002).

To grant a motion to strike a defense, "the [c]ourt must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed."  Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 368 (S.D. N.Y. 1969); Levin-Richmond Terminal Corp. v. International Longshoremen's and Warehousemen's Union, Local 10, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990).  I am convinced.  I grant plaintiffs' motion to strike the res judicata defense as to flow target and/or augmentation issues.

**B.    Segmentation.**

Early in the remand of the 2000 biological opinion for the Columbia River and lower Snake Rivers in NWF v. NMFS, I denied plaintiff NWF's motion for clarification of the scope of the action area.  See Opinion and Order, issued Dec. 17, 2003 (CV 01-640-RE).  I did not address the segmentation issue on its merits.  I stated "it would be inappropriate at this stage of this case to interject . . . the issues raised by the Upper Snake River biological opinion."  Id.

Water Users cannot establish the "final judgment on the merits" element of the

4  - OPINION AND ORDER

res judicata defense because there has been no final judgment on plaintiffs' segmentation claim.

**C.  Conclusion**.

I conclude the affirmative defense of res judicata asserted by Water Users and the State of Idaho is not available as a matter of law. I grant plaintiffs American Rivers' motion to strike the res judicata affirmative defense pursuant to Fed. R. Civ. P. 12(f).

### Water Users' Motion to Compel

Water Users sought extensive discovery from plaintiffs in order to prove the "privity" element of the res judicata defense. I deferred ruling on the motion to compel discovery pending disposition of plaintiffs' motion to strike the affirmative defense. Because I have stricken the res judicata defense, I deny Water Users' motion to compel.

### Conclusion

For these reasons, I **GRANT** plaintiffs American Rivers' motion to strike the res judicata defense (doc. 185). I **DENY** defendant-intervenors Water Users' motion to compel (doc. 172).

IT IS SO ORDERED.

DATED this 27th day of February, 2006.

    /S/  James A. Redden
James A. Redden
Senior U.S. District Judge