IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


AMERICAN RIVERS, IDAHO  
RIVERS UNITED, NATIONAL WILDLIFE  
FEDERATION, PACIFIC COAST  
FEDERATION OF FISHERMEN'S  
ASSOCIATIONS, and INSTITUTE  
FOR FISHERIES RESOURCES,

        Plaintiffs,

  v.

NOAA FISHERIES, and UNITED STATES  
BUREAU OF RECLAMATION,

        Defendants,

  and

DIRK KEMPTHORNE,[1] Governor of the State  
of Idaho, STATE OF IDAHO, IDAHO WATER

CV-04-00061-RE

OPINION AND ORDER

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), James E. Risch, Governor of Idaho, was substituted as defendant for Dirk Kempthorne, Former Governor of Idaho.

PAGE 1 – OPINION AND ORDER

USERS ASSOCIATION, COALITION FOR
IDAHO WATER, INC., PIONEER IRRIGATION
DISTRICT, SETTLERS IRRIGATION
DISTRICT, NAMPA and MERIDIAN IRRIGATION
DISTRICT, GEM IRRIGATION DISTRICT,
RIDGEVIEW IRRIGATION DISTRICT, OWHYHEE
IRRIGATION DISTRICT, VALE IRRIGATION
DISTRICT, LOWER POWDER RIVER
IRRIGATION DISTRICT, and BURNT RIVER
IRRIGATION DISTRICT,

                Defendant-Intervenors.

REDDEN, Judge:

This matter comes before the court on Plaintiff American Rivers' Motion for Partial Reconsideration (doc. 265) of this court's May 23, 2006 Opinion and Order granting in part and denying in part American Rivers' motion for partial summary judgment (doc. 263). For the following reasons, the court DENIES Plaintiffs' Motion.

## Background

In March 2005, NOAA Fisheries (NOAA) issued a biological opinion (2005 Upper Snake BiOp) pursuant to the Endangered Species Act (ESA), which concluded that the U.S. Bureau of Reclamation's (BOR) operation of twelve federal projects on the Upper Snake River–including BOR's annual provision of 487,000 acre-feet of flow augmentation water–would not jeopardize the continued existence of any ESA-listed salmon in the Snake and Columbia Rivers below those projects. Plaintiffs filed this suit, alleging, inter alia, the 2005 Upper Snake BiOp's no-jeopardy conclusion was arbitrary and capricious because NOAA: 1) employed an improper analytical framework; and 2) improperly segmented BOR's Upper Snake River projects (BOR projects) from the U.S. Army Corps of Engineers' and BOR's down-river Federal Columbia River Power System

PAGE 2 – OPINION AND ORDER

(FCRPS) operations for the purposes of ESA-consultation, resulting in two inadequate biological opinions, instead of one comprehensive opinion.

On May 23, 2006, I issued an Opinion and Order finding the 2005 Upper Snake BiOp's comparative analytical framework improper, and the biological opinion arbitrary and capricious. I also concluded that the BOR projects and the FCRPS were not a single agency action for the purposes of section 7 consultation. Further, the BOR projects and the FCRPS were neither "interdependent" nor "interrelated" under ESA-consultation regulations. Thus, NOAA was not required to consider the BOR projects and the FCRPS together in the "effects of the action" analysis of a single biological opinion.[2] I applied the "but for" test, established in <u>Sierra Club v. Marsh</u>, 816 F.2d 1376, 1387 (9th Cir. 1987) to determine whether actions are "interrelated or interdependent," and asked whether the BOR projects would occur "but for" the existence of the FCRPS. BOR's irrigation and flood control activities in the Upper Snake River would occur regardless of the operation of the FCRPS, and vice versa. Therefore, I found the activities were not interdependent or interrelated, and NOAA was not required to

---

[2]"The biological opinion shall include: . . . [a] detailed discussion of the effects of the action on listed species or critical habitat . . . ." 50 C.F.R. § 402.14(h) (2005).

> "Effects of the action" refers to the direct and indirect effects of an action on the species or critical habitat, <u>together with the effects of other activities that are interrelated or interdependent</u> with that action, that will be added to the environmental baseline. . . . <u>Interrelated actions are those that are part of a larger action and depend on the larger action for their justification. Interdependent actions are those that have no independent utility apart from the action under consideration</u>.

50 C.F.R. § 402.02 (emphasis added).

PAGE 3 – OPINION AND ORDER

consider those activities in a single comprehensive biological opinion. I also concluded that BOR's provision of 487,000 acre-feet of flow augmentation water did not make the FCRPS the "but for" cause of the entire BOR project.

Plaintiffs filed the present motion for partial reconsideration on June 14, 2006, asking the court to reverse its holding that the BOR projects are not "interrelated" to the FCRPS. Plaintiffs relied on the "but for" causation discussion in <u>Defenders of Wildlife v. United States Environmental Protection Agency (Defenders)</u>, 420 F.3d 946 (9th Cir. 2005).

### **Standards**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiffs do not state which Federal Rule of Civil Procedure governs their motion, but presumably they rely on either: (1) Federal Rule of Civil Procedure 54(b), which allows a district court to revise an interlocutory order "which adjudicates fewer than all of the claims . . . at any time before entry of judgment adjudicating all of the claims"; or (2) the district court's inherent common-law authority to rescind or modify any interlocutory order as long as the court retains jurisdiction over the matter. <u>Credit Suisse First Boston Corp. v. Grunwald</u>, 400 F.3d 1119, 1124 (9th Cir. 2005); <u>Los Angeles v. Santa Monica Baykeeper</u>, 254 F.3d 882, 887 (9th Cir. 2001).[3] Rule 54(b) does not address the standards a district court should

---

[3]Plaintiffs cannot rely on either Rule 59(e) or Rule 60(b) because those Rules only authorize a district court to alter or amend "final judgments and appealable interlocutory orders." <u>Balla v. Idaho State Bd. of Corrections</u>, 869 F.2d 461, 466-67 (9th Cir. 1980). This court's May 23, Opinion and Order did not "end[] the litigation on the

PAGE 4 – OPINION AND ORDER

apply when reconsidering an interlocutory order, but several district courts in the Ninth Circuit have applied standards of review substantially similar to those used under Rule 59(e) and 60(b).[4] Courts have held that motions to reconsider under Rule 54(b), while generally disfavored, may be granted if:

> (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence;
> (2) there are new material facts that happened after the Court's decision;
> (3) there has been a change in law that was decided or enacted after the court's decision; or
> (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision.

Stockamp & Assocs. v. Accetive Health, No. CV 04-1443-BR, 2005 WL 425456, at *6-7 (D. Or. 2005) (Brown, J.); Nike, Inc. v. Dixon, No. CV 01-1459-BR, 2004 WL 1375281, at *1-2 (D. Or. 2004) (Brown, J.), aff'd, 163 Fed. Appx. 908 (Fed. Cir. 2006); see also Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 583-86 (D. Ariz.

---

merits and leave[] nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Moreover, neither party has sought an order under Rule 54(b) certifying the Court's May 23, 2006 Order for appeal. Thus, at this time, the challenged order is neither a final judgment nor an appealable interlocutory order.

[4]Under Rule 59(e), reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sissoko v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006) (quoting Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cor. 2003)).

Rule 60(b) authorizes relief from judgment upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered prior to judgment through reasonable diligence; (3) a void judgment; (4) fraud; (5) a judgment that has been released, satisfied, or is otherwise inequitable; or (6) any other reason justifying relief.

PAGE 5 – OPINION AND ORDER

2003) (adopting the same standard).

Motions for reconsideration–under Rule 54(b), 59(e), or 60(b)–are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (trial court did not abuse its discretion in denying motion for reconsideration because the moving party presented no arguments which the court had not already considered).  The motion to reconsider should not be used to ask the court to rethink matters already decided.  Motorola, 215 F.R.D. at 582.

## Discussion

American Rivers does not present any evidence or argument to justify reconsideration of the court's segmentation order.  Plaintiffs do not argue that there have been any new factual developments, or that the court failed to consider any material facts.  Instead, Plaintiffs contend that because the court did not consider the discussion of "but for" causation in Defenders of Wildlife v. U.S. Environmental Protection Agency, 420 F.3d 946, 961–62 (9th Cir. 2005), it erred in concluding that the FCRPS and the BOR projects are not "interrelated" under the ESA regulations.

I disagree.  Defenders simply elaborated on "but for" causation, and concluded that an event can have more than one cause.  But Defenders did not change the "but for" test for interrelatedness established by Sierra Club v. Marsh.  In Defenders, EPA argued that transferring Clean Water Act permitting authority to a state could not be a cause-in-fact of any future harm to ESA-listed species.  Id.  EPA contended that only private development decisions, not EPA's decision to transfer permitting authority, could cause harm to listed species.  Id.  The court rejected that argument.  It reasoned that

PAGE 6 – OPINION AND ORDER

without EPA's initial decision to transfer permitting authority, the effects of private development on listed species would not occur, or would occur differently. Id. In other words, "but for" both EPA's decision to transfer permitting authority and the subsequent private development decisions, the harm to listed species would be different. Id.

The Defenders court's discussion of multiple "but for" causation compliments and is consistent with the test for interrelatedness set out in Sierra Club v. Marsh. Defenders does not support Plaintiffs' suggestion that simply because one federal action causes a discrete component of another to occur differently, the actions are "interrelated." If that were the case, it would be difficult to imagine any federal action in the Columbia Basin that is not interrelated with the downstream dams. The operation of the FCRPS, and its effects on salmon, cause almost every federal action in the Basin to occur differently. Examining BOR's proposed action as a whole, I cannot conclude that "but for" the operation of the FCRPS, it would not occur. Defenders does not require this Court to reach a different conclusion. Further, the 2005 Defenders decision is not an intervening change in controlling law.

American Rivers' suggests that they have not previously had an adequate opportunity to address this precise issue, but they did. The Federal Defendants discussed the regulatory definition of "interdependent or interrelated," as well as the "but for" test. Fed. Defs' Summ. J. Mem., at 15-16, Mar. 3, 2006. Plaintiffs' reply simply stated that Defendant's reliance on the regulatory definition of "interrelated" was "inapt." Pls' Reply, at 15, Mar. 24, 2006. Neither party specifically cited Defenders or Sierra Club v. Marsh, but Plaintiffs had an opportunity to respond to Defendants' argument that FCRPS operations were not the "but for" cause of, or interrelated to, the BOR projects.

PAGE 7 – OPINION AND ORDER

In addition, <u>Defenders</u> was decided nearly a year ago.

## **Conclusion**

I noted in my May 23, 2006 Order that whether the FCRPS and the BOR projects are "interrelated" was a close question. I pointed out that BOR's provision of flow augmentation appeared to be a mitigation measure for the adverse effects of the FCRPS on ESA-listed salmon. However, BOR's provision of flow augmentation was not enough to conclude that <u>all</u> of the BOR projects were part of, or interrelated to, the downstream FCRPS operations. <u>Defenders</u> does not compel a different conclusion. Plaintiffs are asking this court to rethink matters already decided without presenting a compelling reason to do so. Therefore, the Court DENIES Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

DATED this 14th day of July, 2006.

/s/    James A. Redden

James A. Redden
Senior United States District Judge

PAGE 8 – OPINION AND ORDER